# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# FOR THE NORTHERN DISTRICT OF NEW YORK

**Albany - Main Office**
39 N. Pearl Street
5TH FLOOR
ALBANY, NY 12207
(518) 436-1850
(518) 436-1780 FAX

**Alexander Bunin,**
**Federal Public Defender**

Respond to Albany Office

**Syracuse - Branch Office**
4 Clinton Square
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

**Lisa Peebles, First Assistant**

**August 20, 2010**

Honorable Norman A. Mordue
Chief United States District Court Judge
U.S. Courthouse, P.O. Box 7367
Syracuse, NY 13261

    **Re:**    USA v. Cleary
            Case No.: 10-CR-115

Dear Judge Mordue:

    Mr. Cleary is scheduled to enter a plea of guilty to conspiracy to possess with the intent to distribute and to distribute more than 50 kilograms of marijuana, in violation of 21 U.S.C. § 846 and 841(b)(1)(C). The purpose of this letter is to seek Mr. Cleary's release pending sentencing.

    18 U.S.C. § 3145(c) provides the following avenue for Cleary's release pending sentencing:

    A person subject to detention pursuant to § 3143(a)(2) ..., and who meets the conditions of release set forth in section 3143(a)(1) ..., may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why each person's detention would not be appropriate.

    The § 3143(a)(1) conditions of release are that the judicial officer find " by clear and

convincing evidence that [1] the person is not likely to flee or [2] pose a danger to the safety of any other person or the community if released" (emphasis added).  In sum, Cleary must 1) show by clear and convincing evidence that he is unlikely either to flee or to pose a threat to anyone's safety, and 2) clearly show that exceptional circumstances render his detention inappropriate.

The facts and circumstances of the case are unique and should result in Mr. Cleary's release pending sentence.

1) Mr. Cleary is not a risk of flight, or danger to the community.  He has been released on bond since posting on February 18, 2010.  He has followed all conditions as required by Judge Homer and the probation department.  He is 50 years old.  He has no prior criminal history.  He has no prior history of any type of violence or weapons use or possession of any type.  He has no history of substance use or abuse and does not drink alcohol to excess.

2) Mr. Cleary suffers from numerous medical conditions which require treatments and medications that were previously not available to him during his time in custody on the present case.  Specifically, Mr. Cleary has been diagnosed with Sleep Apnea.  He requires the nightly use of a C-Pap machine (Exhibit A, Letter from Dr. Meikle and Polysomnogram Summary).  This C-Pap machine was not allowed to be used during the time period Mr. Cleary was in pre trial custody.  I have spoken with General Counsel for the Bureau of Prisons and was told that once Mr. Cleary is admitted to the BOP he will be able to use his Sleep Apnea machine.  While he is in County Lock up he will not, as past experience in this case has proven.

Mr. Cleary also has been under the care of Dr. Ganz, a psychiatrist, for the last 17 years.  Mr. Cleary is diagnosed with Chronic Depression (DSMV-VI 300.02) and Generalized Anxiety Disorder is a secondary diagnosis.  For over 5 years Mr. Cleary has taken two medicines

prescribed by Dr. Ganz. They are Zoloft (50 mg 3x a day) and Ativan (1mg 3x day). (Exhibit B, Dr. Ganz letter) Mr. Cleary has taken these medications uninterrupted Since 2005. While he was in county lock up he was not given these medications because they were prohibited in the facility. Mr. Cleary suffered as a result of his forced non compliance with his medication regimen. Contact was made with the BOP and both of the listed substances are allowed to be administered in the BOP.

     3) Mr. Cleary is in the middle of a dental procedure that still requires two root canals and a Bridge to be fitted. His next appointment is August 26, 2010, when the two root canals will be done and the follow up, for the bridge, is October 5, 2010. (Exhibit C). Mr. Cleary has already had 2 molars removed in June and has had bone grafts done for the possible use of implants. He is in need of the continued treatments and bridge so he can have teeth for the remainder of his life.

     Mr. Cleary's serious medical conditions and the county jails failure to address them during his initial pre trial incarceration and continued inability to do so, the overall facts and circumstances of his case including Mr. Cleary's age, stability and lack of criminal history meet and exceed the legal standard for release pending sentence. Mr. Cleary's case and circumstances are far different than a typical defendant seeking release pending sentence. In this instance it is appropriate and medically necessary to release Mr. Cleary pending sentence, and ultimately allow Mr. Cleary to voluntarily surrender to BOP, where he will be able to get the medical treatment he has been receiving for at least the last 5 years.

     If at all possible, because substitute counsel will be present at Mr. Cleary's plea proceeding, I am asking the Court to advise the parties of its decision on release pending sentence as soon as possible. I thank the court for its consideration.

Very truly yours,

*/s/ Paul J. Evangelista*

Paul J. Evangelista
Assistant Federal Public Defender

PJE/me

cc: Daniel Gardner, Esq. (CM/ECF)